MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
E-mail: RPlatt@manatt.com
KRISTIN E. HAULE (Bar No. CA 312139)
E-mail: KHaule@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
Sunrun Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>*Plaintiff*,<br><br>vs.<br><br>Encor Solar, LLC, a Utah limited liability company;<br>Daniel Larkin, an individual and officer of Encor Solar, LLC;<br>Garrett Smith, an individual and manager of Encor Solar, LLC;<br><br>Sunrun Inc., a Delaware corporation;<br><br>Bargain Electricity, Inc., a Florida corporation;<br>Reinaldo A. Berges, aka Ray Alonso, an individual and officer of Bargain Electricity, Inc.,<br><br>*Defendants*. | No. 3:18-cv-02247-CAB-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SUNRUN'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF ANTON EWING A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER PURSUANT TO 28 USC SECTION 1651**<br><br>Filed concurrently with:<br>1. Request for Judicial Notice<br>2. Declaration of A. Paul Heeringa<br>3. Sunrun's Notice of Motion and Motion to Dismiss or in the Alternative to Sever<br><br>Hearing Date: November 29, 2018<br>Judge: Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Anton Ewing has a long, demonstrated history of filing frivolous TCPA lawsuits. He has been declared a vexatious litigant by the California Superior Court at least twice. As a result, Plaintiff now primarily files a high volume of boilerplate frivolous and harassing TCPA lawsuits in federal court, most commonly the Southern District of California.

Sunrun seeks an order declaring Plaintiff a vexatious litigant and requiring that he seek leave of the Court prior to filing any additional actions against Sunrun or its employees.

## II. FACTS

In 2005, the California Superior Court declared Ewing a vexatious litigant. (*See* RJN Exh. 3). Plaintiff remained on the vexatious litigant list until November 21, 2012, when his motion to be removed from the list was granted as unopposed. (*Id.*) On December 5, 2017, Plaintiff was again declared a vexatious litigant in the Superior Court of California. (*See* RJN Exh. 1-3.)

Since 2013, Plaintiff has filed dozens of lawsuits, nearly all arising from purported violations of the TCPA. *See* Defendant Sunrun's Request for Judicial Notice ("RJN"), Exh. 4-5. Plaintiff's present Complaint, consistent with the others he has filed, is a frivolous boilerplate document, which names several unrelated Defendants, improperly seeks to pierce the corporate veil to hold individuals liable, and fails to allege facts sufficient to sustain a claim against any of them. *See* Sunrun's Motion to Dismiss.

## III. LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Flagrant abuses of the

judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

Courts examine four factors before entering a pre-filing order: (1) the litigant must be given notice and an opportunity to be heard before the order is entered; (2) the Court must compile "an adequate record for review"; (3) the Court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered. *Id.* (citing *De Long*, 912 F.2d at 1147-48). Each of those factors is separately analyzed below.

Courts in the Ninth Circuit also consider the Second Circuit's *Safir* factors because they shed light on the Ninth Circuit's third and fourth factors—namely, whether a party has a history of vexatious litigation and is likely to continue to abuse the judicial process and harass other parties. *Id.* at 1057-58. The five *Safir* factors are (1) the litigant's history of litigation, and whether it included vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* at 1058 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

IV.   **ARGUMENT**

    A.   **The Instant Motion Provides Plaintiff Notice and an Opportunity to be Heard**

Plaintiff has received notice that the Court is considering a pre-filing order because the instant motion has been filed and served on him. Plaintiff has an

opportunity to be heard by filing an opposition to the instant motion.  *See* Fed. R. Civ. P. 7(b), Local Rule 7.1(e)(2).  Plaintiff may also request a hearing.  (Chambers Rules II.A.)

### B. The Court has an Ample Record to Declare Plaintiff a Vexatious Litigant

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147 (citing *In re Martin-Trigona*, 737 F.2d 1254, 1270-74 (2d Cir. 1984).  "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* (collecting cases).

This motion includes a request for judicial notice that contains information and records regarding Plaintiff twice being classified as a vexatious litigant in California Superior Court, as well as Plaintiff's TCPA-related litigation history in the Southern District of California.  Because Plaintiff's litigation history in Southern California courts (both state and federal) is expansive, and typically frivolous and harassing in nature, this Court has an ample record from which to issue the requested pre-filing order against Plaintiff to curb his vexatious litigation.

### C. Plaintiff's Current Filing and Litigation History Demonstrate his Complaint is Frivolous and Harassing

Plaintiff Ewing is a professional plaintiff who has a lengthy, demonstrated history of filing boilerplate complaints.  Plaintiff Ewing asserts facts that are exaggerated, self-contradictory, or totally false.  The instant lawsuit, like many before it, is a frivolous attempt to harass and unfairly coerce settlement.

#### 1. Plaintiff's Complaint is Harassing

Plaintiff's Complaint is harassing.  While raising multiple claims in and of itself is not necessarily unethical or vexatious, a high volume of lawsuits "is a factor indicative of an intent to harass."[1]  A high settlement rate, coupled with a high

---

[1] *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004), aff'd in part, dismissed in part sub nom. *Molski v. Evergreen Dynasty Corp.*, 500

volume of cases filed, can "show[] a pattern of extortion." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1054. Filing boilerplate complaints is also indicative of a harassing intent. *Id.* at 1051 (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

In finding Plaintiff Ewing to be a vexatious litigant, the California Superior Court noted in December 2017 that Plaintiff had filed 16 frivolous Small Claims Actions, each alleging violations of the Do Not Call Registry, "for purposes of harassment". *See* RJN, Exh. 3. The Honorable Timothy Taylor aptly noted, "Mr. Ewing files litigation for sport." *Id.*

In particular, Plaintiff files frivolous TCPA litigation for sport. Since 2013, Plaintiff has filed 25 lawsuits in the Southern District of California alone, all but one alleging claims arising from purported violations of the TCPA[2]. *See* RJN, Exh. 4. He has also filed dozens of complaints in San Diego Superior court. *See* RJN, Exh. 5. Plaintiff's *modus operandi* is to file substantially similar boilerplate complaints against multiple individuals and entities who may or may not be related, with the same or similar canned case law, exaggerated factual allegations, and go-to TCPA-related legal claims. Every individual is an alter ego of the entity[3], every defendant engaged in an illegal conspiracy with the others[4]. Many of his lawsuits

---

F.3d 1047 (9th Cir. 2007)

[2] Plaintiff's most common claims include TCPA, RICO, and CIPA, and his complaints all arise from alleged telemarketing, autodialing, Do Not Call violations, or telephone lead generation.

[3] *See e.g.*, RJN Exh. 13 (*HSBC*), Exh. 14 (*Flora*), Exh. 16 (*Patient Satisfaction*), Exh. 17 (*29 Prime*), Exh. 19 (*A1 Solar Power*), Exh. 20 (*K2 Property*), Exh. 21 (*Lend Mark*), Exh. 22 (*Integrity Capital*), Exh. 24 (*RCF*), Exh. 25 (*Jarvey*), Exh. 27 (*Main Streat*), Exh. 28 (*McCarthy*), Exh. 30 (*SLAC*), Exh. 35 (*Oasis*), Exh. 36 (*Shorepointe*).

[4] *See e.g.*, RJN, Exh. 13 (*HSBC*), Exh. 14 (*Flora*), Exh. 16 (*Patient Satisfaction*), Exh. 17 (*29 Prime*), Exh. 19 (*A1 Solar Power*), Exh. 20 (*K2 Property*), Exh. 21 (*Lend Mark*), Exh. 22 (*Integrity Capital*), Exh. 24 (*RCF*), Exh. 25 (*Jarvey*), Exh. 26 (*Main Streat*), Exh. 28 (*McCarthy*), Exh. 29 (*Empire Capital*), Exh. 30 (*SLAC*),

settle early, or are dismissed.  *See* RJN, Exh. 4, 13-36.

Plaintiff may also have filed the instant lawsuit with a subjective intent to harass.  After filing suit, Plaintiff reached out to Sunrun and its employees and counsel in a threatening and harassing manner.  *See* Declaration of A. Paul Heeringa ¶¶ 2-5 and Exhibit A thereto.

Further, the Complaint suggests that Plaintiff's motives for filing the instant lawsuit may stem from an intent to retaliate against Defendant Larkin for an email disagreement they had the day before Plaintiff filed suit.  *See* Compl. ¶ 92 ("Larkin also sent two written emails to Plaintiff on or about September 26, 2018, each of which contained an extortionate threat under Penal Code section 519 and 523.  Plaintiff will amend this Complaint when discovery allows and more facts are gathered to fully establish a cause of action for civil extortion by Larkin against Plaintiff.  Larkin is hereby put on notice of this intended claim.")  Plaintiff also claims to have "sent out hundreds of emails to TCPA defense attorneys nationwide warning them that if their clients call Ewing's phone, they will be sued." (Compl. ¶ 38.)  But filing a TCPA lawsuit against several unrelated solar companies and their employees in response to an email disagreement is an abuse of judicial resources.

### 2.     Plaintiff's Complaint is Frivolous

Plaintiff's complaint is also frivolous.  District Courts look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.  *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).  Litigation is frivolous if a legal claim is without merit, or if the factual assertions are grossly exaggerated or totally false.  *Molski*, 500 F.3d at 1060-61 (9th Cir. 2007).

Plaintiff's Complaint contradicts itself numerous times on its face.  The

---

Exh. 31 (*Allfi*), Exh. 32 (*Readdick*),  Exh. 33 (*8 Figure Dream Lifestyle*), Exh. 34 (*Arroyo*), Exh. 35 (*Oasis*), Exh. 36 (*Shorepointe*).

Complaint references an "initial call" on September 26, 2018, another call in March 2018, and several calls between June 1, 2017 and September 27, 2018.  (*See* Compl. ¶¶ 32, 62, 63.)  Plaintiff has allegedly never heard of Bargain, Encor, or Sunrun, yet he also allegedly knowingly had more than thirteen phone conversations with them. (Compl. ¶¶ 62-63.)  The alleged calls were an unwanted invasion of privacy, yet Plaintiff designated a property and actually met with an agent.  (Compl. ¶¶ 61, 63.)  Plaintiff allegedly spoke with "Andrew" from Sunrun, yet an Encor employee arrived at the home.  (*Id.*)

Moreover, Plaintiff's Complaint, when considered in context to all his other Complaints reveal an implausible narrative that Plaintiff is regularly and repeatedly the victim of abnormally high number of illegal TCPA conspiracies.

Plaintiff's litigation history, combined with the allegations in the instant Complaint demonstrate that this lawsuit, like so many before it, is frivolous and harassing.

### D.     The Requested Vexatious Litigant Order is Narrowly Tailored

Vexatious Litigant orders must be narrowly tailored "to prevent infringement on the litigator's right of access to the courts". *De Long*, 912 F.2d at 1148.  Such orders are considered appropriately narrow where the litigant is prevented from filing actions pursuant to a particular statute. *See Molski*, 500 F.3d at 1061 (pre-filing order narrowly tailored where litigant who had been vexatiously filing ADA claims was prevented from filing ADA actions in the Central District).

Similarly here, the requested order seeks only to restrain Plaintiff from filing any new actions against Sunrun and its employees without first obtaining leave from the court.

Moreover, because of Plaintiff's long history of vexatious litigation, a pre-filing order is necessary to achieve the desired result.  Some other sanction would not likely suffice.

## V. CONCLUSION

Defendant Sunrun respectfully requests this Court to issue an order declaring Plaintiff Anton Ewing a vexatious litigant and requiring him to obtain leave of the court before filing any future actions against Sunrun or its employees.

Dated: October 25, 2018         MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Kristin E. Haule
Robert H. Platt
Kristin E. Haule
*Attorneys for Defendant*
SUNRUN INC.

321038483.1