## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

### MINUTE ORDER

DATE: 12/04/2017                    TIME: 01:00:00 PM          DEPT:  C-72

JUDICIAL OFFICER PRESIDING: Timothy Taylor
CLERK:  Blanca Delgado
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  O. Godoy

CASE NO: **37-2016-00028312-CU-BT-CTL**  CASE INIT.DATE: 08/16/2016
CASE TITLE: **Ewing vs. Parker [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Business Tort

---

## APPEARANCES

---

The Court, having taken the above-entitled matter under submission on 12/01/2017 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

See attached ruling(s).

*TwBTayh*

Judge Timothy  Taylor

## Rulings on OSCs re Vexatious Litigant Finding

*Ewing v. Taylor*, Case No. 2017-22988
*Ewing v. Parker*, Case No. 2016-28312
*Ewing v. Monster Solar*, Case No. 2016-38027

December 1, 2017, 1:30 p.m., Dept. 72

### 1. Overview and Procedural Posture.

Since June 1, 2012, Mr. Ewing has filed 41 civil actions in this Court. Six of those cases were removed to Federal Court, one was transferred to Orange County, and 17 were small claims actions. Of the Civil Unlimited actions, Mr. Ewing eventually voluntarily dismissed nine of those cases with prejudice, and the three captioned cases are currently pending in this court. The remaining five Civil Unlimited actions instituted by Mr. Ewing have been adversely determined against him. In addition, Mr. Ewing has instituted several actions in Federal Court, at least 3 of which have been adversely determined against him. These circumstances gave rise to the present OSCs.

Courts all over California have been buffeted over the past decade by budget cuts imposed by the other branches of government. In the San Diego Superior Court, this has given rise to courtroom closures, layoffs, and other severe reductions in services. As a matter of self-preservation,* and in order to preserve its ability to remain available to litigants with legitimate disputes, the San Diego Superior Court has monitored potential vexatious litigants and taken action on its own motion where appropriate. These OSCs are referred to the Civil Supervising Judge. [The Presiding Judge of the San Diego Superior Court has delegated to the Civil Supervising Judge most matters dealing with the vexatious litigant statute. See *Ogunsalu v. Superior Court*, 12 Cal. App. 5th 107 (2017)].

The OSCs were served on Mr. Ewing and all other appearing parties in all three pending cases. ROA 8-10 (*Taylor*); ROA 45-47 (*Parker*); ROA 43-45 (*Monster*). Mr. Ewing filed detailed opposition, discussed further below. He also sought to delay this hearing, which attempt the court denied on November 28, 2017. [ROA 13 in the *Taylor* matter.] After the court denied this request, and after the court published a detailed tentative ruling (ROA 12 in *Taylor*), Mr. Ewing filed a notice of dismissal of the *Taylor* case (ROA 15). The court finds this was further indicia of manipulation by Mr. Ewing. This finding is based on the timing of the dismissal and the text of the document ("FILED ON DEMAND" and extensive citation to authority).

Mr. Ewing appeared at the OSC hearing with shadow counsel (Mr. McDonald), and argued extensively. His argument reflected a very high degree of fixation. In response to the court's inquiry, Mr. Ewing stated he graduated from the law school at the University of Arizona, and stated he passed the bar exams in Nevada and Arizona but was not admitted to either bar. He is not a member of the California Bar. He suffered a fraud-related felony conviction in 2010. He was formerly a CPA, evidently losing the license as the result of the felony conviction.

## 2. Applicable Standards.

**A.**  Code of Civil Procedure section 391 *et seq.*, California's vexatious litigant statute, permits a defendant to move the court "[i]n any litigation pending in any court of this state," at any time before final judgment, for an order requiring the plaintiff to furnish security upon a showing "that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." Code of Civil Procedure § 391.1. A vexatious litigant includes anyone who "[i]n the immediately preceding seven year period has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." Code of Civil Procedure § 391(b)(1). The statute broadly defines "litigation" to mean "any civil action or proceeding, commenced, maintained or pending in any state or federal court." Code of Civil Procedure § 391(a). A plaintiff found to be a vexatious litigant will be required to furnish security in order to proceed with the matter if the court determines there is "no reasonable probability" the plaintiff will prevail in the litigation against the moving defendant.  Code of Civil Procedure § 391.3.

Once a party has been declared a vexatious litigant, the court on its own motion or that of any party may enter a "prefiling" order prohibiting that party from filing new state court litigation *in propria persona* absent leave of the presiding judge where the litigation is proposed to be filed. Code of Civil Procedure § 391.7(a); *In re R.H.* (2009) 170 Cal.App.4th 678, 690.  After a prefiling order issues, the presiding judge shall permit the party to file further litigation "only if it appears the litigation has merit and has not been filed for the purposes of harassment or delay." Code of Civil Procedure § 391.7(b).

The statute sets out three additional definitions of a vexatious litigant as a person who "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, *in propria persona*, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined" (Code of Civil Procedure § 391(b)(2)); "[i]n any litigation while acting *in propria persona*, repeatedly filed unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay" (Code of Civil Procedure § 391(b)(3)); or "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence." (Code of Civil Procedure § 391(b)(4).

The vexatious litigant law provides a means for the courts to respond to the problems " 'created by the persistent and obsessive litigant, appearing *in propria persona*, who has constantly pending a number of groundless actions.' " *In re R.H. supra*, 170 Cal.App.4th at p. 688. The vexatious litigant law seeks to constrain "repeated misuse [of the courts that] results in a useless diversion of the . . . court's attention and prejudices other . . . parties . . . ." *Id.* at p. 692. The vexatious litigant provisions seek "to protect the court system and its resources as well as other

litigants [citations] while at the same time providing a workable means by which a vexatious litigant may proceed with litigation [citation]." *In re R.H., supra,* 170 Cal.App.4th at p. 696. Thus, a person who is declared a vexatious litigant does not lose the right of access to the courts, but rather may be subjected to a prefiling order prohibiting the litigant from filing any new litigation *in propria persona* without obtaining leave of the presiding judge. Code of Civil Procedure § 391.7(a); *Bravo v. Ismaj, supra,* 99 Cal.App.4th at pp. 221-222.) New litigation includes the filing of an appeal. *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1220-1221; *In re R.H., supra,* 170 Cal.App.4th at p. 695. The presiding justice permits "the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." Code of Civil Procedure § 391.7(b).

" 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] [Courts of Appeal] uphold the [trial] court's ruling if it is supported by substantial evidence. [Citations.] On appeal, [Courts of Appeal] presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.' [Citation.] Questions of statutory interpretation, however, [are] review[ed] de novo." *Holcomb v. U.S. Bank National Assn.* (2005) 129 Cal.App.4th 1494, 1498-1499; accord, *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1169; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.

**B.** The general rules of statutory construction are (1) to ascertain the intent of the Legislature to effectuate the purpose of the law, (2) to give a provision a reasonable and commonsense interpretation consistent with its apparent purpose, which will result in wise policy rather than mischief or absurdity, (3) to give significance, if possible, to every word or part, and harmonize the parts by considering a particular section in the context of the whole, (4) to take matters such as content, object, evils to be remedied, legislation on the same subject, public policy, and contemporaneous construction into account, and (5) to give great weight to consistent administrative construction. (*DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 17-18 [194 Cal.Rptr. 722].)

California courts "have established a process of statutory interpretation to determine legislative intent that may involve up to three steps." (*Alejo v. Torlakson* (2013) 212 Cal.App.4th 768, 786–787.) The "key to statutory interpretation is applying the rules of statutory construction in their proper sequence ... as follows: 'we first look to the plain meaning of the statutory language, then to its legislative history and finally to the reasonableness of a proposed construction.' " (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1082, quoting *Riverview Fire Protection Dist. v. Workers' Comp. Appeals Bd.* (1994) 23 Cal.App.4th 1120, 1126, 28 Cal.Rptr.2d 601.)

"The first step in the interpretive process looks to the words of the statute themselves." (*Alejo, supra,* 212 Cal.App.4th at p. 787; see *Klein, supra,* 50 Cal.4th at p. 77, 112 ["[w]e look first to the words of the statute, 'because the statutory language is generally the most reliable indicator of legislative intent' "].) "If the interpretive question is not resolved in the first step, we proceed to the second step of the inquiry. [Citation.] In this step, courts may 'turn to secondary rules of interpretation, such as maxims of construction, "which serve as aids in the sense that they express familiar insights about conventional language usage." ' We may also look to the legislative history. [Citation.] 'Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.'

[Citation.] [¶] 'If ambiguity remains after resort to secondary rules of construction and to the statute's legislative history, then we must cautiously take the third and final step in the interpretive process. [Citation.] In this phase of the process, we apply "reason, practicality, and common sense to the language at hand." [Citation.] Where an uncertainty exists, we must consider the consequences that will flow from a particular interpretation. [Citation.] Thus, "[i]n determining what the Legislature intended we are bound to consider not only the words used, but also other matters, 'such as context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy and contemporaneous construction.' [Citations.]" These "other matters" can serve as important guides, because our search for the statute's meaning is not merely an abstract exercise in semantics. To the contrary, courts seek to ascertain the intent of the Legislature for a reason — "to *effectuate the purpose* of the law." ' " (*Alejo,* at pp. 787–788; see *MacIsaac, supra,* 134 Cal.App.4th at p. 1084.)

Courts do not necessarily engage in all three steps of the analysis. "It is only when the meaning of the words is not clear that courts are required to take a second step and refer to the legislative history." (*Soil v. Superior Court* (1997) 55 Cal.App.4th 872, 875; accord, *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1411; see *MacIsaac, supra,* 134 Cal.App.4th at 1084 ["[i]f ambiguity remains after resort to secondary rules of construction and to the statute's legislative history, then we must cautiously take the third and final step in the interpretative process"].)

**C.** The court is mindful that plaintiff represents himself. However, his status as a party appearing *in propria persona* does not provide a basis for preferential consideration (particularly in light of his extensive legal training and long litigation track record). "A party proceeding *in propria persona* 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.' Indeed, '"the *in propria persona* litigant is held to the same restrictive rules of procedure as an attorney."' [Citation.]" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) In accordance with the precedent established by the California Supreme Court in *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985, appellate courts have held that the pleadings and motions filed by a self-representing litigant in the trial court are subject to the standards generally applied by California courts in civil litigation. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284-1285 [self-representing litigants are not exempt from statutes or court rules governing procedure].)

### 3. Rulings.

As set forth above, Section 391(b) describes four alternative definitions of "vexatious litigant": (1) 5 prior actions in 7 years; (2) repeated litigation; (3) repeated unmeritorious filings; and (4) previously declared vexatious.

In determining whether a litigant is vexatious, the court may not "mix and match" portions of each definition to reach a finding. (See *Holcomb v. United States Bank Nat'l Ass'n* (2005) 129 Cal.App.4th 1494, 1501.) This does not, of course, prevent a finding that the litigant's conduct, if prolific enough, meets the threshold of more than one category under § 391.7. As discussed below, Mr. Ewing's conduct meets the threshold for subdivision (b)(1).

Five Superior Court Cases initiated and maintained by Anton Ewing, *in pro per*, have been finally determined adversely against him within the last seven years.

The table below summarizes the potentially qualifying San Diego Superior Court actions filed by Mr. Ewing and finally determined adversely against him, as set forth in the OSC:

| Case Name | Case No. | Date Filed | Nature of Claim | Disposition |
|---|---|---|---|---|
| Ewing v. Flora | 37-2014-00039963-CU-HR-CTL | 11/06/14 | Application for Civil Harassment RO | Petition for RO denied 12/16/14 |
| Ewing v. Dragoo | 37-2015-00030030-CU-FR-CTL | 09/08/15 | Complaint for Fraud | Voluntarily dismissed without prejudice after court published tentative ruling sustaining demurrer – 1/22/16 |
| Ewing v. Aegis Business Services, Inc. | 37-2015-00042253-CU-BT-CTL | 12/21/15 | Complaint alleging violations of Do Not Call Registry | Dismissed with prejudice as to some Ds. Ewing failed to Show Cause why action should not be dismissed as to remaining Ds. Court dismissed entire action without prejudice on 9/09/16 |
| Ewing v. Princeton – lawfirmcom PLLC | 37-2015-00042264-CU-BT-CTL | 12/21/15 | Complaint alleging violations of Do Not Call Registry | Ewing settled with and dismissed 6 Ds. Remainder of action dismissed without prejudice on 11/18/16 |
| Ewing v. Cramer | 37-2016-00033268-CU-HR-NC | 09/23/16 | Application for Civil Harassment RO | Petition for RO denied 10/14/16 |

In addition, Mr. Ewing has filed at least three Federal actions that have been determined adversely against him:

| Case Name | Case No. | Date Filed | Nature of Claim | Disposition |
|---|---|---|---|---|
| Ewing v. Superior Court | 3:13-cv-01577-BAS-BLM | 07/05/13 | Civil suit against San Diego DA, Sheriff, and Superior Court alleging civil rights violations under 1st and 14th Amends. | Defendants' Motion to Dismiss granted 3/11/15 |
| Ewing v. Lend Mark Capital | 3:16-cv-00967-BAS- NLS | 04/21/16 | Complaint alleging violations of California's Invasion of Privacy Act, Cal. Penal Code § 630, et seq.; 18 U.S.C. § 1964(c) RICO; 47 U.S.C. § 18 227 TCPA - Robo Spam Caller, Fraud; B&P § 17200 - Unfair Bus. Practices Act | Ewing settled with and dismissed three defendants. The court issued an Order to Show Cause re: Failure to prosecute and Ewing dismissed the case as to the remaining defendants without prejudice 10/18/16 |

| Ewing v. SQM US, Inc., et al. | 3:16-cv-1609-CAB-JLB | 06/23/16 | Complaint alleging violation of the TCPA | Defendants' Motion to Dismiss granted 9/29/16 |
|---|---|---|---|---|

The cases Mr. Ewing filed and then dismissed without prejudice can be considered finally determined adversely against him. ""Litigation" means <u>any civil action or proceeding, commenced, maintained or pending in any state or federal court.</u>" (CCP § 391(a).) Whether the prior lawsuits were finally determined adversely to plaintiff is ordinarily a question of fact. (TRG at § 1:919.1) "Finally determined" means all avenues for direct review have been exhausted or the time to appeal has been exhausted. (*Childs v. PaineWebber Inc.* (1994) 29 Cal.App.4th 982, 994.) <u>Cases voluntarily dismissed without prejudice by a pro se litigant count for the purpose of the vexatious litigant statute because they still burden the judicial system and the target of the litigation.</u> (*Tokerud v. Capitol Bank Sacramento* (1995) 38 Cal.App.4th 775, 779.)

The court also considers the following additional facts in finding Mr. Ewing a vexatious litigant:

Defendants in three recent actions have brought motions to declare Mr. Ewing a vexatious litigant. None of those motions was heard, as Mr. Ewing dismissed the actions with prejudice on the eve of the vexatious litigant motion hearings. The actions are as follows:

*Ewing v. Cramer*, Case No. 37-2016-00033384-CU-BT-CTL - A motion to declare Mr. Ewing a vexatious litigant was filed by defendant in Department C-68. The parties settled, and the action was dismissed with prejudice on February 21, 2017, before the motion was heard.

*Ewing v. Cho*, 37-2016-00045077-CU-PO-CTL - A motion to declare Mr. Ewing a vexatious litigant was pending before Department C-62 before Ewing voluntarily dismissed the action with prejudice on April 13, 2017, before the motion could be heard.

*Ewing v. A1 Solar Power, 2 Inc., et al.*, Case No. 37-2015-00035326-CU-BT-CTL - A motion to declare Mr. Ewing a vexatious litigant was pending before Department C-70 before Ewing voluntarily dismissed the action with prejudice on May 17, 2017, the day of the hearing, vacating the motion.

In addition, in *Ewing v. Conely*, Case No. 37-2015-00042810-CU-BT-CTL, the defendant filed a vexatious litigant motion, which was heard and denied by Judge Strauss on August 25, 2017 on the ground the defendant had not met his burden because he failed to attach evidence or request judicial notice in support of his motion. At that hearing, Ewing requested the entire action be dismissed with prejudice and filed a Request for dismissal with the court that day.

A reasonable interpretation is that the above cases were frivolous and were filed for purposes of harassment. It is on this basis the court, in its discretion, also finds that Mr. Ewing has "repeatedly file[d] unmeritorious ... pleadings..." in violation of subdivision (b)(3). Mr. Ewing knows how to work the system and is clearly trying to avoid being declared vexatious.

Further, from June 7, 2017 – July 13, 2017, Mr. Ewing filed 16 Small Claims Actions, each one alleging violations of the Do Not Call Registry and seeking Injunctive Relief as well as money damages from anywhere between $10 to $2,500. Included in this recent rash of Small Claims

Actions are 3 actions against Defendant 8 Figure Dream Lifestyle; 3 actions against Defendant Evobulls, Inc.; 5 actions against Defendant Capital Debt Solutions LLC; and 3 actions against Defendant PBS Capital Group LLC.  Mr. Ewing voluntarily dismissed 5 of these actions with prejudice (against Defendant Capital Debt Solutions LLC).  In addition, one action was voided by the civil business office, and one may have proceeded to trial on October 3, 2017.  That leaves 9 or 10 of these recently filed Small Claims Actions currently pending before the court.

A table summarizing these recently-filed Small Claims Actions is set forth below:

| Case Number | Plaintiff | Opposing Party | Date Filed | Status as of OSC |
|---|---|---|---|---|
| 37-2017-00351369-SC-SC-CTL | EWING, ANTON | 8 FIGURE DREAM LIFESTYLE LLC | 07/13/2017 | Trial 11/14/17 |
| 37-2017-00351368-SC-SC-CTL | EWING, ANTON | 8 FIGURE DREAM LIFESTYLE LLC | 07/13/2017 | Trial 11/16/17 |
| 37-2017-00351367-SC-SC-CTL | EWING, ANTON | 8 FIGURE DREAM LIFESTYLE LLC | 07/13/2017 | Trial 11/07/17 |
| 37-2017-00351259-SC-SC-CTL | EWING, ANTON | EVOBULLS INC | 07/03/2017 | Trial 10/31/17 |
| 37-2017-00351211-SC-SC-CTL | EWING, ANTON | EVOBULLS INC | 07/03/2017 | Trial 11/02/17 |
| 37-2017-00351036-SC-SC-CTL | EWING, ANTON | CAPITAL DEBT SOLUTIONS LLC | 07/03/2017 | Voluntarily Dismissed w/ Prejudice 9/26/17 |
| 37-2017-00351035-SC-SC-CTL | EWING, ANTON | CAPITAL DEBT SOLUTIONS LLC | 07/03/2017 | Voluntarily Dismissed w/ Prejudice 9/26/17 |
| 37-2017-00351034-SC-SC-CTL | EWING, ANTON | CAPITAL DEBT SOLUTIONS LLC | 07/03/2017 | Voluntarily Dismissed w/ Prejudice 9/26/17 |
| 37-2017-00351022-SC-SC-CTL | EWING, ANTON | CAPITAL DEBT SOLUTIONS LLC | 07/03/2017 | Voluntarily Dismissed w/ Prejudice 9/26/17 |
| 37-2017-00351000-SC-SC-CTL | EWING, ANTON | CAPITAL DEBT SOLUTIONS LLC | 07/03/2017 | Voluntarily Dismissed w/ Prejudice 8/31/17 |
| 37-2017-00350995-SC-SC-CTL | EWING, ANTON | PBS CAPITAL GROUP LLC | 06/28/2017 | Trial 10/26/17 |
| 37-2017-00350929-SC-SC-CTL | EWING, ANTON | QUALITY HOME RENOVATORS INC | 06/30/2017 | Trial 10/20/17 |
| 37-2017-00350343-SC-SC-CTL | EWING, ANTON | PRATT, STEVEN M | 06/07/2017 | Trial 10/03/17 – result unknown.  No minutes on V3 |
| 37-2017-00351258-SC-SC-CTL | EWING, ANTON A | EVOBULLS INC | 07/03/2017 | Trial 10/31/17 |
| 37-2017-00351212-SC-SC-CTL | EWING, ANTON | PBS CAPITAL GROUP LLC | 07/03/2017 | Trial 11/02/17 |
| 37-2017-00351210-SC-SC-CTL | EWING, ANTON | PBS CAPITAL GROUP LLC | 07/10/2017 | Voided 7/11/17 |

While these cases cannot contribute to a vexatious litigant finding under section 391(b)(1), the court has found no case law prohibiting the consideration of small claims actions for purposes of section 391, subdivisions (b)(2) or (b)(3).  A reasonable conclusion is that Mr. Ewing filed these multiple cases against these defendants for purposes of harassment, and that they are frivolous under section 391(b)(3).  In a word, Mr. Ewing files litigation for sport.

What else contributes to the court's conclusion that Mr. Ewing knows how to work the system? He was previously declared vexatious in San Diego Superior Court on December 1, 2005 in the case of *Ewing v. Ivanova*, Case No. GIN051525. In that case, it appears Mr. Ewing was declared vexatious based on the rash of lawsuits he filed against his former wife, her mother-in-law, her boyfriend, and her attorneys, arising out of divorce proceedings. He remained on the list until November 21, 2012 when his motion to be removed from the list was granted as unopposed.

Plaintiff Ewing filed an Opposition to the Order to Show Cause on November 16, 2017. In addition, Ewing lodged with the court certain exhibits in support of his opposition, which he states are "confidential" and "not to be filed." Ewing has not filed a proper motion for an order sealing the exhibits, and has not complied with the procedures for filing records under seal set forth in California Rules of Court, rules 2.550 – 2.551. Ewing has also failed to state any facts to justify the sealing of these exhibits. The court opened the sealed envelope and reviewed the exhibits for purposes of considering his opposition. However, as no proper request to seal the records is pending before the court, the court will simply return the lodgment to Ewing.

In his Opposition, Ewing takes issue with several cases the cited by this court in its Order to Show Cause:

*Ewing v. Flora*: Ewing contends this case was not determined adversely to him because even though the request for a Restraining Order was denied, the judge at the hearing told the Respondent to stop sending death threats to Petitioner, which was an order to stop harassment. Flora has a permanent injunction in federal court enjoining him from contacting Ewing.

This case is an adverse determination against Ewing. The request for the restraining order was denied on December 16, 2014. No transcripts are provided, so Ewing's statements regarding what was said at the hearing are unsubstantiated.

*Ewing v. Aegis Business Services, Inc.*: Ewing contends this case was not determined adversely to him because it settled and the confidential settlement agreement is lodged with the court.

This case is an adverse determination against Ewing. Ewing filed a complaint, which was dismissed with prejudice as to some defendants, but Ewing failed to satisfy an OSC why the case should not be dismissed as to the other defendants. Ewing attempted default, which was denied and the court dismissed the entire action without prejudice.

A settlement agreement is lodged at Exhibit C. It is between Plaintiff Ewing and Defendants Aljaff and Aegis Business Services. The original defendants included Internet Communications and Does. The ROA lists additional defendants as Global Partners in Processing, Internet Communications Inc., Steven Pratt and Kevin Taylor. This was an action against multiple defendants in which Ewing settled with some but not all. The case was dismissed without prejudice after failing to satisfy the OSC. This is considered an adverse result for Ewing.

*Ewing v. Princetonlawfirm.com*: Ewing contends this case was not determined adversely to him because he settled with all defendants.

This case is an adverse determination against Ewing. Ewing filed a complaint against nine defendants. He settled with six. The court ordered the entire action dismissed without prejudice on November 18, 2016. The court noted that it had previously been notified that the case settled.

A settlement agreement is lodged as Exhibit D. It is between Ewing and six of the nine defendants: Will Vigil, Frances Palacios, Princetonlawfirm.com, PLF Credit Solution Company, Grow Marketing Company, and The Law Offices of Frances Palacios. In this case, Ewing again settled with some defendants, but not all. The remaining were dismissed without prejudice. This is considered an adverse result for Ewing.

*Ewing v. Cramer*: Ewing contends this civil harassment RO case was not determined adversely to him because he dismissed it without prejudice because he could not locate Respondent Cramer. He then filed a new civil action against Cramer, which he settled.

This is counted as an adverse determination against Ewing. Ewing failed to appear at the hearing on the restraining order, and the court dismissed the action.

*Ewing v. SQM US, Inc.*: Ewing contends this case is outside the scope of Code of Civil Procedure section 391(b)(1) because he was represented by counsel.

Ewing's point is well taken. This case is not considered for purposes of a vexatious litigant finding under section 391(b)(1). Ewing has still suffered more than five adverse determinations within the last seven years, so removal of this case from consideration does not affect Ewing's qualification as a vexatious litigant under subdivision (b)(1).

Moreover, Ewing suffered an adverse determination only days ago, which replaces this removed case. See *TD Services Company v. Ewing*, No. D071582 (4th District Court of Appeal, Div. 1, 11/20/17).

*Ewing v. Lend Mark Capital*: Ewing contends this case was not determined adversely to him because all defendants signed settlement agreements providing that he is the prevailing party.

This case is counted as an adverse determination against Ewing. Ewing filed a complaint against multiple defendants. He settled with and dismissed three. The court issued an OSC re: failure to prosecute and Ewing dismissed the case as to the remaining defendants without prejudice.

A settlement agreement is lodged as Exhibit F. It is between Ewing and three defendants. In this case, Ewing again settled with some defendants, but not all. The remaining were dismissed without prejudice. This is considered an adverse result for Ewing.

*Ewing v. Superior Court*: Ewing contends this case should not be considered because it was a writ of habeas corpus in a criminal matter.

This case is counted as an adverse determination against Ewing. Ewing filed an action against the San Diego DA, Sheriff and Superior Court for alleged civil rights violations under the 1st and 14th Amendments. The district court granted defendants' Motion to Dismiss on March 11, 2015.

Per the Order for the Motion to Dismiss, Ewing was charged with four counts of stalking and four counts of extortion. He had moved in Superior Court to have them dismissed as a valid exercise of his free speech. The court denied the motion. Plaintiff then pled guilty to one count of stalking and he was sentenced to two years in custody. He appealed based on the 1st Amendment; then he filed a writ of habeas corpus in federal district court, which was dismissed because he was no longer in custody.

The court notes that he was asking the court to declare Penal Code § 646.9 – the stalking statute– to be unconstitutional as well as declaratory and injunctive relief. The District Court found his claims barred as they were an attempt to invalidate his conviction and he could not demonstrate the conviction had been reversed, expunged, declared invalid or called into question. The court also found the claims barred by res judicata.

Thus, it does not appear this was a habeas petition but rather a civil matter to declare the stalking statute unconstitutional to invalidate his previous conviction. This is considered one of the cases determined against Ewing in the past seven years.

Ewing next contends he should not be penalized for dismissing, without prejudice, his cases against Aegis Business Services, Princetonlawfirm.com, and Lend Mark Capital because the evading defendants in those cases could not be served with process. Ewing submits no evidence that any of the named defendants in these actions was ever evading service.

In light of the foregoing, Mr. Ewing is hereby deemed a vexatious litigant under sections 391(b)(1) and (b)(3). Based on the above, the court finds Mr. Ewing must be added forthwith to the statewide listing of vexatious litigants. The court also imposes the prefiling order requirement of Code of Civil Procedure section 391.7, effective immediately, in each of the three captioned pending cases.

**IT IS SO ORDERED.**

---

*And as explicitly permitted by section 391.7(a)("on its own motion or the motion of any party").