UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ENCOR SOLAR, LLC et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-2247-CAB-MDD<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 73] |

This matter is before the Court on Plaintiff's motion for default judgment against Defendants Garrett Smith, Bargain Electricity, Inc., and Reinaldo A. Berges a/k/a Ray Alonso (collectively, the "Remaining Defendants"). Because the operative second amended complaint was not served on these defendants, and because that complaint does not adequately state a claim against these defendants, the motion is denied and the second amended complaint is dismissed.

**I.  Background**

Plaintiff filed the original complaint in this lawsuit on September 27, 2018. The original complaint asserted three claims for relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and one claim for unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof Code §§ 17200, against the Remaining Defendants along with Encor Solar, LLC, Daniel Larkin, and Sunrun, Inc.

1

[Doc. No. 1.] The latter three defendants each moved to dismiss the original complaint. [Doc. Nos. 9, 12.] Meanwhile, the Clerk of Court entered defaults against Bargain Electricity and Berges. [Doc. Nos. 17, 18.] A proof of service of the original complaint was filed for Smith [Doc. No. 14], but no default was entered against him.

Instead of opposing the motions to dismiss, Plaintiff filed a first amended complaint (the "FAC"). [Doc. No. 20.] The FAC named the same six defendants and asserted three claims under the TCPA and replaced the UCL claim with a claim under California's Invasion of Privacy Act ("CIPA"). The Court subsequently entered an order denying the motions to dismiss the original complaint as moot and vacating the entry of defaults as to Berges and Bargain Electricity. [Doc. No. 24.] Encor Solar, Larkin, and Sunrun then filed motions to dismiss the FAC. [Doc. Nos. 26, 27.] Once again, the Clerk of Court entered defaults against Berges and Bargain Electricity, as well as for Smith, based on their failure to respond to the FAC. [Doc. Nos. 31, 35, 36.]

On January 10, 2019, Sunrun filed a notice of extra-judicial resolution [Doc. No. 44], which asked the Court to stay ruling on Sunrun's motion to dismiss [Doc. No. 26] and its separate motion to have Plaintiff declared a vexatious litigant [Doc. No. 13] while the parties finalized their settlement. The Court granted Sunrun's request, giving the parties until January 31, 2019 to file a joint motion for dismissal. [Doc. No. 46.] A joint motion to dismiss was filed on January 24, 2019 [Doc. No. 48] and granted the following day [Doc. No. 49].

On January 25, 2019, the Court granted the motion to dismiss filed by Encor Solar and Larkin. [Doc. No. 47.] The order explained that Larkin is not subject to personal jurisdiction in this Court and dismissed Plaintiff's claims against him without prejudice to refiling in a court of competent jurisdiction. The order dismissed Plaintiff's TCPA claims without prejudice for failure to state a claim and dismissed the CIPA claim with prejudice.

On February 5, 2019, Plaintiff filed a second amended complaint ("SAC"), which asserted only three TCPA claims and removed Larkin and Sunrun as defendants. [Doc. No. 50.] There is no indication in the docket that the SAC was served on any of the

Remaining Defendants. Encor Solar filed a motion to dismiss the SAC which was fully briefed by the parties and then denied by the Court. [Doc. No. 56.] On April 30, 2019, Plaintiff and Encor Solar filed a joint motion to dismiss [Doc. No. 69], which the Court granted on the same day [Doc. No. 71]. Now, two and a half months later, Plaintiff moves for default judgment against the Remaining Defendants.

## II. Discussion

Before addressing the merits of the motion for default judgment, "the Court must determine whether service of process was adequate." *Pension Plan for Pension Tr. Fund for Operating Engineers v. J & K Sweeping*, No. C 14-1179 CW, 2014 WL 4626008, at *4 (N.D. Cal. Sept. 15, 2014). There is no indication that any of the Remaining Defendants were served with the SAC. Although he did not make the argument in his motion, Plaintiff presumably relies on Federal Rule of Civil Procedure 5(a)(2), which states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Rule 5(a)(2), however, does not absolve Plaintiff of his obligation to serve the SAC on the Remaining Defendants because the Court dismissed the FAC for failure to state a claim. As a result of the dismissal of the FAC, all of the claims in the SAC were effectively "new." To hold otherwise would permit a Plaintiff to obtain a default judgment without ever serving a defendant with a complaint that actually states a claim against that defendant. "[A]llowing entry of default on an amended complaint that was never served would contravene the objectives embodied by Rules 4 and 5(a)(2) that a defendant receive notice." *IBEW Local 595 Health & Welfare Tr. Fund v. Givens Elec., Inc.*, No. C 09-06076 RS, 2011 WL 2414346, at *2 (N.D. Cal. June 15, 2011). Entry of default judgment against defendants who were never served with a complaint that actually states a claim against them would also contravene the Ninth Circuit's cautionary statement that "judgment by default is a drastic step appropriate only in extreme circumstances." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Accordingly, because the FAC was dismissed for failure to

state a claim and the SAC was not served on the Remaining Defendants, Plaintiff is not entitled to default judgment against the Remaining Defendants.

Even if the SAC had been served on the Remaining Defendants, Plaintiff would not be entitled to default judgment because the SAC fails to state a claim against the Remaining Defendants. The factors to be considered on a motion for default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material *1472 facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The Ninth Circuit has suggested that the [] two *Eitel* factors involving the substantive merits of plaintiff's claim and the sufficiency of the complaint require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'" *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (internal dashes omitted) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Thus, if assuming the truth of the factual allegations in the complaint, the complaint does not state a claim against a defendant who is in default, the plaintiff is not entitled to default judgment against that defendant. *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (affirming district court's refusal to enter default judgment on claims not adequately pled in the complaint); *cf. Alan Neuman Prods, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988) (holding that the legal sufficiency of a complaint may be challenged in a motion to set aside default).

Here, although the SAC just barely states a claim against Encor Solar for violations of the TCPA, it does not state a claim against any of the Remaining Defendants. The SAC is littered with conclusory allegations that the Remaining Defendants were agents or affiliates of Encor Solar, but it does not contain any factual allegations supporting an agency relationship between or among any of the Remaining Defendants and Encor Solar that would be sufficient to hold the Remaining Defendants liable for calls made by Encor Solar (or Sunrun). Nor does the SAC contain any factual allegations about any specific calls made by or involving any of the Remaining Defendants. To the contrary, while the motion for default judgment seeks damages related to fourteen alleged calls, the SAC alleges that those calls were made by Sunrun and/or Encor Solar, both of whom settled with Plaintiff and were dismissed from the case. Indeed, none of the factual allegations in the SAC of any calls made in violation of the TCPA indicate that the Remaining Defendants made those calls or directed Sunrun or Encor Solar to make those calls. *See* SAC at ¶¶ 65, 74, 94-101. Accordingly, because the SAC fails to state TCPA claims against the Remaining Defendants, default judgment would be improper even if the SAC had been served properly.

**III. Disposition**

For the foregoing reasons, it is hereby **ORDERED** that the motion for default judgment is **DENIED**, and the SAC is **DISMISSED** for failure to state a claim against Bargain Electricity, Smith, and Berges.

It is **SO ORDERED**.

Dated: September 3, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge